WALDEN, Judge
(dissenting) :
I dissent.
Three vehicles were involved in a collision with the consequence being a negligence action with three sets of litigants. There were one set of plaintiffs and two sets of defendants. Plaintiffs received verdicts against all defendants.
Three errors were committed, one of which would be harmless if it stood alone.
1. Reversible error was committed in allowing plaintiffs to read into evidence F.S. 186.79, F.S.A., entitled, “Minimum Regulation.” Such statute finds no basis or support under the record facts and circumstances of this case and the manner of its employment was prejudicial to appellant’s case.
2. Violative and regardless of his earlier ruling, the trial judge erroneously permitted a psychologist to testify that a claimant had suffered a traumatic head injury. I am not able to say that this error, alone, was of such moment as to warrant a reversal.
3. Plaintiffs and one set of defendants entered into a Mary Carter agreement. The other defendants learned of the existence of the agreement during the course of the trial and moved for its production and the right of examination. This request was erroneously denied. Maule Industries, Inc. v. Rountree, Fla.App.1972, 264 So.2d 445. The effect of this was to deny appellants their right to a fair trial as framed in ap *473 pellant’s Point C because of the laison between plaintiffs and one set of defendants which operated in opposition to appellant’s position.
T ,, „ J r I would reverse and remand for a new . . , trial.